1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## NORTHERN DISTRICT OF CALIFORNIA

10

### SAN FRANCISCO DIVISION

11

12

13

14

15

16

17

| | |
|---|---|
| William J. RAMOS Jr.,<br><br>                    Petitioner,<br><br>          v.<br><br>Kevin CHAPPELL,<br>Warden of San Quentin State Prison,<br><br>                    Respondent. | Case Number 3-05-cv-3752-SI<br><br><u>DEATH-PENALTY CASE</u><br><br>ORDER GRANTING MOTION FOR<br>EQUITABLE TOLLING<br><br>[Doc. No. 13] |

18

I

19    Petitioner William J. Ramos Jr. is a condemned inmate at San Quentin State Prison.  He

20    initiated the present capital habeas action on September 16, 2005, when he asked the Court to

21    appoint counsel and to stay his execution pending the completion of this action.  (Doc. No. 1.)  A

22    few days later, the Court granted Petitioner's requests and referred the action to the Court's

23    Selection Board for the recommendation of counsel to represent him.  (Doc. No. 3.)  However,

24    the Court was unable to appoint counsel until September 28, 2012.[1]   (Doc. No. 9.)

25

26    [1] The Selection Board is not an independent agency or organization.  Rather, it is "an
     administrative arm of the Court," *Dennis v. Ayers*, No. 5-98-cv-21027-JF, slip op. at 3 (N.D. Cal. July 26,

27    2006), established by Habeas Local Rule 2254-25(c).  The Court, acting through the Selection Board,
     diligently sought qualified counsel to represent Petitioner throughout the time that Petitioner's request for

28    the appointment of counsel was pending.  *Cf. Chatman v. Chappell*, No. 3-7-cv-640-WHA, 2012 WL

1    A one-year statute of limitations applies to federal habeas petitions.  28 U.S.C. §

2    2244(d)(1) (2012).  The parties agree that, absent equitable tolling, the limitation period expired

3    several years before the Court appointed counsel.[2]

4    On May 31, 2013, Petitioner filed a Petition for Writ of Habeas Corpus.  (Doc. No. 12.)

5    In the Petition, Petitioner states that "this initial petition should be considered a notice pleading,"

6    and he indicates that an "amended petition will contain a complete and detailed analysis of the

7    facts and law underlying each claim and will contain a detailed description of the factual

8    background of the case."  (*Id.* 10.)  According to Petitioner, this is necessary because

9            Ramos's habeas counsel has not yet managed to completely
10          organize the voluminous record in Ramos's cases and has not had
            the opportunity to meaningfully review the entirety of the record,
            which was not received until November of 2012.  Moreover,
11          counsel has not had the opportunity to conduct any independent

12   _____

13   2916358, at *1 n.2 (N.D. Cal. July 17, 2012); *Jablonski v. Martel*, No. 3-7-cv-3302-SI, slip op. at 1 n.2
     (N.D. Cal. Sept. 9, 2011) (Illston, J.).  Despite exhaustive efforts, the Court was unable to find private
14   counsel to represent Petitioner, and the Federal Public Defender for the Northern District of California has
     been unable to set up a Capital Habeas Unit due to a lack of funding.  Ultimately, as in a number of
15   capital habeas actions in recent years, the Court made a special arrangement whereby an out-of-district
     Federal Public Defender—here, the Federal Public Defender for the District of Arizona—agreed to accept
16   appointment.  *Cf. Huggins v. Ayers*, No. 4-6-cv-7254-CRB (N.D. Cal. Sept. 23, 2011) (appointing Fed.
     Pub. Def. D. Ariz.); *Pollock v. Ayers*, No. 4-5-cv-1870-SBA (N.D. Cal. Aug. 4, 2011) (same); *Jablonski
17   v. Ayers*, No. 3-7-cv-3302-SI (N.D. Cal. May 6, 2011) (Illston, J.) (same); *Chatman v. Ayers*, No. 3-7-cv-
     640-WHA (N.D. Cal. Jan. 24, 2012) (appointing Fed. Def. Servs. Idaho); *Sapp v. Brown*, No. 3-4-cv-
18   4163-JF (N.D. Cal. June 13, 2011) (same); *Salcido v. Martel*, No. 3-9-cv-586-MMC (N.D. Cal. Aug. 10,
     2011) (appointing Fed. Pub. Def. C.D. Cal.); *Bolden v. Cullen*, No. 4-9-cv-2365-PJH (N.D. Cal. Aug. 1,
19   2011) (same).  The Court appreciates this extraordinary accommodation by the Federal Public Defender
     of Arizona.  The Court rejects Respondent's suggestion that he be permitted to conduct discovery and that
20   the Court conduct an evidentiary hearing regarding the Court's efforts to find counsel to represent
     Petitioner, (Doc. No. 17 at 12), as the Selection Board is part of the Court, and it is beyond peradventure
21   that no party is entitled to the Court's internal documents or other discovery regarding the Court's internal
     procedures for managing cases.  *See Dennis*, slip op. at 3 (describing Selection Board documents as "akin
22   to internal Court communications (such as bench memoranda from law clerks to judges)").  The Court
     likewise rejects any suggestion that it (including its Selection Board) has been anything other than
23   diligent in seeking counsel to represent capital habeas petitioners.

24

25   [2] The parties agree that, absent equitable tolling, the limitation period began to run on October 3,
     2005, when the Supreme Court of the United States denied certiorari in Petitioner's direct appeal, *Ramos
26   v. California*, 546 U.S. 844 (2005).  (Doc. No. 13 at 2; *see* Doc. No. 17 at 7.)  Petitioner states that the
     limitation period, absent equitable tolling, expired on October 3, 2006.  (Doc. No. 12 at 9; Doc. No. 13 at
27   1; Doc. No. 18 at 18.)  According to Respondent, Petitioner overlooks a period of statutory tolling, and
     the limitation period, absent equitable tolling, expired on January 7, 2007.  (Doc. No. 17 at 6.)  The Court
28   need not determine the correct date for present purposes.

Case No. 3-5-cv-3752-SI
ORDER GRANTING MOTION FOR EQUITABLE TOLLING
(DPSAGOK)

1      investigation or develop a relationship of trust with Ramos as
       required by the professional standards of capital defense attorneys.

2

3      (*Id.* at 9–10.)

4          Also on May 31, 2013, Petitioner filed a Motion for Equitable Tolling.  (Doc. No. 13; *see*

5      *also* Doc. No. 18.)  Petitioner seeks equitable tolling from the date the limitation period

6      otherwise expired to the filing of the pending Petition on May 31, 2013.  In addition, Petitioner

7      seeks equitable tolling for any additional claims that are otherwise untimely until one year later

8      on May 31, 2014, or alternatively, until September 28, 2013, which is one year after the Court

9      appointed counsel.[3]  (Doc. No. 13 at 11.)

10         Respondent opposes Petitioner's Motion.  (Doc. No. 17.)  Respondent contends that

11     Petitioner should have filed a timely pro se habeas petition despite the fact that the Court had

12     granted his request for the appointment of counsel but had not actually appointed counsel by the

13     time the limitation period otherwise expired; his failure to do so, according to Respondent,

14     requires the Court to dismiss the present action without any consideration of Petitioner's claims

15     and to permit Respondent to execute Petitioner forthwith.

16                                              II

17         The Supreme Court of the United States has held that "the timeliness provision in the

18     federal habeas corpus statute is subject to equitable tolling."  *Holland v. Florida*, 560 U.S. ___,

19     130 S. Ct. 2549, 2554 (2010).  A federal habeas petitioner "is entitled to equitable tolling only if

20     he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

21     circumstance stood in his way and prevented timely filing."  *Id.* at 2562 (internal quotation

22     marks omitted).

23         The present Petitioner's diligence in pursuing his rights is especially praiseworthy.  This

24     is evidenced by the fact that Petitioner initiated the present action and invoked his right to

25     counsel before the statute of limitations even began to run, while his direct appeal was still

26     _____

27         [3] May 31, 2014, and September 28, 2013, are both Saturdays.  Pursuant to Federal Rule of Civil
       Procedure 6(a)(1)(C), any tolling period running to either of those days would continue to run until the

28     following Monday, to wit, June 2, 2014, or September 30, 2013.

                                              3

1   pending.[4]  *See, e.g.*, *Chatman v. Chappell*, 2012 WL 2916358, at *1; *Hoyos v. Wong*, No. 3-9-cv-

2   388-L-NLS, 2010 WL 596443, at *5 (S.D. Cal. Feb. 16, 2010).

3           An indigent capital habeas petitioner has a statutory right to counsel.  18 U.S.C. §

4   3599(a)(2) (2012).  "[T]he right to appointed counsel includes a right to legal assistance in the

5   preparation of a habeas corpus application."  *McFarland v. Scott*, 512 U.S. 849, 856 (1994).  An

6   attorney's assistance in preparing a capital habeas petition is crucial owing to the complex nature

7   of capital habeas proceedings and the seriousness of the death penalty.  *Id.* at 855–56.  In

8   particular, "the right to counsel necessarily includes a right for that counsel meaningfully to

9   research and present a defendant's habeas claims."[5]  *Id.* at 858.  Accordingly,

10                  when a condemned prisoner has requested counsel and counsel is
                    not appointed until after the deadline for filing a timely petition
11                  has passed, the lack of counsel is an extraordinary circumstance
                    that stands in the prisoner's way and prevents the timely filing of a
12                  petition that has been prepared with the assistance of counsel,
                    which is the petition that the prisoner has a right to file.
13
    *Jablonski v. Martel*, slip op. at 2–3; *see also, e.g.*, *San Nicolas*, 2007 WL 763221, at *6.  Indeed,
14
    "were the Court to hold otherwise, a capital habeas petitioner's right to counsel would be
15

16          [4] Respondent would convert Petitioner's obligation to pursue his rights diligently by requesting
    the appointment of counsel into a specific obligation to file a pro se petition or at least "a motion to alert
17   the Court to the fact that delay in appointment of counsel potentially jeopardized his ability to pursue
    federal habeas relief." (Doc. No. 17 at 14.) However, there is no support for Respondent's position,
18   which is contrary to *Holland*, 130 S. Ct. at 2554. Indeed, it would have been pointless for Petitioner to
    file a petition without the assistance of counsel, and such a petition, or a motion along the lines
19   Respondent suggests, would only clutter the Court's docket. *See Chatman v. Chappell*, 2012 WL
    2916358, at *1 n.4. Respondent further cites *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011). (Doc. No. 17
20   at 11, 16.) However, there is no discussion in *Pinholster* of equitable tolling or anything conceivably
    related to the habeas statute of limitations. Accordingly, *Pinholster* is inapposite. *Jablonski v. Martel*,
21   slip op. at 2 n.2.

22          [5] Respondent asserts that counsel is not required to prepare a capital habeas petition because all
    that was required of Petitioner was "taking the materials generated on his behalf by state counsel and
23   presenting them to this Court in a pro per petition." (Doc. No. 17 at 15.) Respondent's contention is
    directly contrary to *McFarland*, 512 U.S. at 855–59. Moreover, the Court cannot assume the correctness
24   of Respondent's questionable assumptions that "[P]etitioner was represented by competent and qualified
    counsel at every critical stage of the state proceedings including direct appeal and state habeas corpus"
25   and that adequate funding was provided to state habeas counsel, (Doc. No. 17 at 14). *See San Nicolas v.
    Ayers*, No. 1-6-cv-942-LJO, 2007 WL 763221, at *3 (E.D. Cal. Mar. 9, 2007) (noting that state funding of
26   capital habeas matters is "extremely limited" in California). Respondent's discussion of noncapital
    habeas petitioners, (Doc. No. 17 at 9), is inapposite, as they do not have a right to counsel to prepare their
27   petitions.

28

Case No. 3-5-cv-3752-SI
ORDER GRANTING MOTION FOR EQUITABLE TOLLING
(DPSAGOK)

1   thoroughly eviscerated." *(Gregory) Smith v. Ayers*, No. 3-4-cv-3436-CRB, slip op. at 3 (N.D.

2   Cal. Jan. 8, 2009).

3         Such is the case for Petitioner.  Although Petitioner was entitled to counsel when he

4   brought the present action before the limitation period began to run, the Court was unable to

5   appoint counsel until long after the limitation period expired, absent equitable tolling.  The lack

6   of counsel was therefore an extraordinary circumstance that stood in this diligent Petitioner's

7   way and prevented the timely filing of a petition.  Accordingly, Petitioner is entitled to equitable

8   tolling.

9         A review of the present Petition and the related, extremely voluminous record

10  demonstrates that this matter is extraordinarily complex.  Considering the size and complexity of

11  the record along with Petitioner's right to the assistance of counsel in preparing a petition, the

12  Court finds that it was impossible for Petitioner to file even an initial petition prior to May 31,

13  2013.  Considering these factors along with the severe budgetary constraints due to sequestration

14  under which Federal Public Defenders including Petitioner's counsel are operating (of which the

15  Court may take judicial notice), (*see* Doc. No. 13 at 3), the Court further finds that it will take at

16  least an additional year for Petitioner to prepare and to file an amended petition that complies

17  with counsel's ethical obligations in representing a capital habeas petitioner.  The Court

18  accordingly concludes that Petitioner is entitled to equitable tolling until then.

19        In short, Petitioner has been pursuing his rights diligently, yet extraordinary

20  circumstances stand in Petitioner's way and prevent timely filing of the petition that he has a

21  right to file.  Petitioner is therefore entitled to equitable tolling of the statute of limitations until

22  May 31, 2013, for his initial Petition, and until June 2, 2014, for any additional claims in an

23  amended petition.  *See, e.g.*, *Dykes v. Chappell*, No. 3-11-cv-4454-SI, 2012 WL 3727263 (N.D.

24  Cal. Aug. 28, 2012) (Illston, J.).[6]

25  ─────────────────

26        [6] Courts in the Ninth Circuit faced with the issues presented here uniformly have reached the
    same conclusion.  Similar decisions just from this District include but are not limited to the following:

27  *Carrington v. Johnson*, No. 3-10-cv-4179-RS (N.D. Cal. Sept. 24, 2012); *Dykes v. Chappell*, No. 3-11-

28  cv-4454-SI, 2012 WL 3727263 (N.D. Cal. Aug. 28, 2012); *Stevens v. Chappell*, No. 3-9-cv-137-WHA,
    2012 WL 3638547 (N.D. Cal. Aug. 22, 2012); *Chatman v. Chappell*, No. 3-7-cv-640-WHA, 2012 WL

Case No. 3-5-cv-3752-SI
ORDER GRANTING MOTION FOR EQUITABLE TOLLING
(DPSAGOK)

\*     \*     \*

Good cause appearing therefor, the Court grants Petitioner's Motion for Equitable

Tolling, (Doc. No. 13).  Unless he is able to demonstrate a need for additional equitable tolling,

*cf., e.g.*, *(Robert) Smith v. Chappell*, No. 5-11-cv-3062-EJD (N.D. Cal. Sept. 25, 2012),

Petitioner shall file an amended petition by June 2, 2014.


**IT IS SO ORDERED.**



DATED:  July 21, 2013                                        _____
                                                             SUSAN ILLSTON
                                                             United States District Judge

---

2916358 (N.D. Cal. July 17, 2012); *(Robert) Smith v. Chappell*, No. 5-11-cv-3062-EJD (N.D. Cal. May 31, 2012); *Sapp v. Chappell*, No. 3-4-cv-4163-JSW (N.D. Cal. Apr. 24, 2012); *Huggins v. Chappell*, No. 4-6-cv-7254-YGR (N.D. Cal. Mar. 2, 2012); *Pollock v. Martel*, No. 4-5-cv-1870-SBA, 2012 WL 17482 (N.D. Cal. Jan. 20, 2012); *Bolden v. Martel*, No. 4-9-cv-2365-PJH (N.D. Cal. Dec. 5, 2011); *Jablonski v. Martel*, No. 3-7-cv-3302-SI (N.D. Cal. Sept. 9, 2011); *Stanley v. Martel*, No. 3-7-cv-4727-EMC, 2011 WL 3154792 (N.D. Cal. July 26, 2011); *(Gregory) Smith v. Ayers*, No. 3-4-cv-3436-CRB (N.D. Cal. Jan. 8, 2009); *Hughes v. Woodford*, No. 3-3-cv-2666-JSW (N.D. Cal. Dec. 24, 2003); *Ervin v. Woodford*, No. 4-0-cv-1228-CW (N.D. Cal. Nov. 24, 2001); *Fairbank v. Woodford*, No. 3-98-cv-1027-CRB (N.D. Cal. Sept. 26, 1999).  A condemned prisoner such as Petitioner who initiates a capital habeas action with a request for the appointment of counsel before the limitation period begins to run (i.e, while the petitioner's direct appeal is still pending) reasonably may rely on this long and consistent line of cases as sufficient in and of itself to establish an entitlement to equitable tolling.

Case No. 3-5-cv-3752-SI
ORDER GRANTING MOTION FOR EQUITABLE TOLLING
(DPSAGOK)