UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| William J. RAMOS Jr., | Case Number 3-05-cv-3752-SI |
|---|---|
| Petitioner, | <u>DEATH-PENALTY CASE</u> |
| v. | ORDER GRANTING MOTION FOR EQUITABLE TOLLING |
| Kevin CHAPPELL, Warden of San Quentin State Prison, | |
| Respondent. | [Doc. No. 13] |

I

Petitioner William J. Ramos Jr. is a condemned inmate at San Quentin State Prison. He initiated the present capital habeas action on September 16, 2005, when he asked the Court to appoint counsel and to stay his execution pending the completion of this action. (Doc. No. 1.) A few days later, the Court granted Petitioner's requests and referred the action to the Court's Selection Board for the recommendation of counsel to represent him. (Doc. No. 3.) However, the Court was unable to appoint counsel until September 28, 2012.[1] (Doc. No. 9.)

---

[1] The Selection Board is not an independent agency or organization. Rather, it is "an administrative arm of the Court," *Dennis v. Ayers*, No. 5-98-cv-21027-JF, slip op. at 3 (N.D. Cal. July 26, 2006), established by Habeas Local Rule 2254-25(c). The Court, acting through the Selection Board, diligently sought qualified counsel to represent Petitioner throughout the time that Petitioner's request for the appointment of counsel was pending. *Cf. Chatman v. Chappell*, No. 3-7-cv-640-WHA, 2012 WL

A one-year statute of limitations applies to federal habeas petitions. 28 U.S.C. § 2244(d)(1) (2012). The parties agree that, absent equitable tolling, the limitation period expired several years before the Court appointed counsel.[2]

On May 31, 2013, Petitioner filed a Petition for Writ of Habeas Corpus. (Doc. No. 12.) In the Petition, Petitioner states that "this initial petition should be considered a notice pleading," and he indicates that an "amended petition will contain a complete and detailed analysis of the facts and law underlying each claim and will contain a detailed description of the factual background of the case." (*Id.* 10.) According to Petitioner, this is necessary because

> Ramos's habeas counsel has not yet managed to completely organize the voluminous record in Ramos's cases and has not had the opportunity to meaningfully review the entirety of the record, which was not received until November of 2012. Moreover, counsel has not had the opportunity to conduct any independent

---

2916358, at *1 n.2 (N.D. Cal. July 17, 2012); *Jablonski v. Martel*, No. 3-7-cv-3302-SI, slip op. at 1 n.2 (N.D. Cal. Sept. 9, 2011) (Illston, J.). Despite exhaustive efforts, the Court was unable to find private counsel to represent Petitioner, and the Federal Public Defender for the Northern District of California has been unable to set up a Capital Habeas Unit due to a lack of funding. Ultimately, as in a number of capital habeas actions in recent years, the Court made a special arrangement whereby an out-of-district Federal Public Defender—here, the Federal Public Defender for the District of Arizona—agreed to accept appointment. *Cf. Huggins v. Ayers*, No. 4-6-cv-7254-CRB (N.D. Cal. Sept. 23, 2011) (appointing Fed. Pub. Def. D. Ariz.); *Pollock v. Ayers*, No. 4-5-cv-1870-SBA (N.D. Cal. Aug. 4, 2011) (same); *Jablonski v. Ayers*, No. 3-7-cv-3302-SI (N.D. Cal. May 6, 2011) (Illston, J.) (same); *Chatman v. Ayers*, No. 3-7-cv-640-WHA (N.D. Cal. Jan. 24, 2012) (appointing Fed. Def. Servs. Idaho); *Sapp v. Brown*, No. 3-4-cv-4163-JF (N.D. Cal. June 13, 2011) (same); *Salcido v. Martel*, No. 3-9-cv-586-MMC (N.D. Cal. Aug. 10, 2011) (appointing Fed. Pub. Def. C.D. Cal.); *Bolden v. Cullen*, No. 4-9-cv-2365-PJH (N.D. Cal. Aug. 1, 2011) (same). The Court appreciates this extraordinary accommodation by the Federal Public Defender of Arizona. The Court rejects Respondent's suggestion that he be permitted to conduct discovery and that the Court conduct an evidentiary hearing regarding the Court's efforts to find counsel to represent Petitioner, (Doc. No. 17 at 12), as the Selection Board is part of the Court, and it is beyond peradventure that no party is entitled to the Court's internal documents or other discovery regarding the Court's internal procedures for managing cases. *See Dennis*, slip op. at 3 (describing Selection Board documents as "akin to internal Court communications (such as bench memoranda from law clerks to judges)"). The Court likewise rejects any suggestion that it (including its Selection Board) has been anything other than diligent in seeking counsel to represent capital habeas petitioners.

[2] The parties agree that, absent equitable tolling, the limitation period began to run on October 3, 2005, when the Supreme Court of the United States denied certiorari in Petitioner's direct appeal, *Ramos v. California*, 546 U.S. 844 (2005). (Doc. No. 13 at 2; *see* Doc. No. 17 at 7.) Petitioner states that the limitation period, absent equitable tolling, expired on October 3, 2006. (Doc. No. 12 at 9; Doc. No. 13 at 1; Doc. No. 18 at 18.) According to Respondent, Petitioner overlooks a period of statutory tolling, and the limitation period, absent equitable tolling, expired on January 7, 2007. (Doc. No. 17 at 6.) The Court need not determine the correct date for present purposes.

2

Case No. 3-5-cv-3752-SI
ORDER GRANTING MOTION FOR EQUITABLE TOLLING
(DPSAGOK)

        investigation or develop a relationship of trust with Ramos as required by the professional standards of capital defense attorneys.

(*Id.* at 9–10.)

Also on May 31, 2013, Petitioner filed a Motion for Equitable Tolling. (Doc. No. 13; *see also* Doc. No. 18.) Petitioner seeks equitable tolling from the date the limitation period otherwise expired to the filing of the pending Petition on May 31, 2013. In addition, Petitioner seeks equitable tolling for any additional claims that are otherwise untimely until one year later on May 31, 2014, or alternatively, until September 28, 2013, which is one year after the Court appointed counsel.[3] (Doc. No. 13 at 11.)

Respondent opposes Petitioner's Motion. (Doc. No. 17.) Respondent contends that Petitioner should have filed a timely pro se habeas petition despite the fact that the Court had granted his request for the appointment of counsel but had not actually appointed counsel by the time the limitation period otherwise expired; his failure to do so, according to Respondent, requires the Court to dismiss the present action without any consideration of Petitioner's claims and to permit Respondent to execute Petitioner forthwith.

II

The Supreme Court of the United States has held that "the timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, 560 U.S. ___, 130 S. Ct. 2549, 2554 (2010). A federal habeas petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks omitted).

The present Petitioner's diligence in pursuing his rights is especially praiseworthy. This is evidenced by the fact that Petitioner initiated the present action and invoked his right to counsel before the statute of limitations even began to run, while his direct appeal was still

---

[3] May 31, 2014, and September 28, 2013, are both Saturdays. Pursuant to Federal Rule of Civil Procedure 6(a)(1)(C), any tolling period running to either of those days would continue to run until the following Monday, to wit, June 2, 2014, or September 30, 2013.

3

pending.[4] *See, e.g.*, *Chatman v. Chappell*, 2012 WL 2916358, at *1; *Hoyos v. Wong*, No. 3-9-cv-388-L-NLS, 2010 WL 596443, at *5 (S.D. Cal. Feb. 16, 2010).

An indigent capital habeas petitioner has a statutory right to counsel. 18 U.S.C. § 3599(a)(2) (2012). "[T]he right to appointed counsel includes a right to legal assistance in the preparation of a habeas corpus application." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An attorney's assistance in preparing a capital habeas petition is crucial owing to the complex nature of capital habeas proceedings and the seriousness of the death penalty. *Id.* at 855–56. In particular, "the right to counsel necessarily includes a right for that counsel meaningfully to research and present a defendant's habeas claims."[5] *Id.* at 858. Accordingly,

> when a condemned prisoner has requested counsel and counsel is not appointed until after the deadline for filing a timely petition has passed, the lack of counsel is an extraordinary circumstance that stands in the prisoner's way and prevents the timely filing of a petition that has been prepared with the assistance of counsel, which is the petition that the prisoner has a right to file.

*Jablonski v. Martel*, slip op. at 2–3; *see also, e.g.*, *San Nicolas*, 2007 WL 763221, at *6. Indeed, "were the Court to hold otherwise, a capital habeas petitioner's right to counsel would be

---

[4] Respondent would convert Petitioner's obligation to pursue his rights diligently by requesting the appointment of counsel into a specific obligation to file a pro se petition or at least "a motion to alert the Court to the fact that delay in appointment of counsel potentially jeopardized his ability to pursue federal habeas relief." (Doc. No. 17 at 14.) However, there is no support for Respondent's position, which is contrary to *Holland*, 130 S. Ct. at 2554. Indeed, it would have been pointless for Petitioner to file a petition without the assistance of counsel, and such a petition, or a motion along the lines Respondent suggests, would only clutter the Court's docket. *See Chatman v. Chappell*, 2012 WL 2916358, at *1 n.4. Respondent further cites *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011). (Doc. No. 17 at 11, 16.) However, there is no discussion in *Pinholster* of equitable tolling or anything conceivably related to the habeas statute of limitations. Accordingly, *Pinholster* is inapposite. *Jablonski v. Martel*, slip op. at 2 n.2.

[5] Respondent asserts that counsel is not required to prepare a capital habeas petition because all that was required of Petitioner was "taking the materials generated on his behalf by state counsel and presenting them to this Court in a pro per petition." (Doc. No. 17 at 15.) Respondent's contention is directly contrary to *McFarland*, 512 U.S. at 855–59. Moreover, the Court cannot assume the correctness of Respondent's questionable assumptions that "[P]etitioner was represented by competent and qualified counsel at every critical stage of the state proceedings including direct appeal and state habeas corpus" and that adequate funding was provided to state habeas counsel, (Doc. No. 17 at 14). *See San Nicolas v. Ayers*, No. 1-6-cv-942-LJO, 2007 WL 763221, at *3 (E.D. Cal. Mar. 9, 2007) (noting that state funding of capital habeas matters is "extremely limited" in California). Respondent's discussion of noncapital habeas petitioners, (Doc. No. 17 at 9), is inapposite, as they do not have a right to counsel to prepare their petitions.

thoroughly eviscerated." *(Gregory) Smith v. Ayers*, No. 3-4-cv-3436-CRB, slip op. at 3 (N.D. Cal. Jan. 8, 2009).

Such is the case for Petitioner. Although Petitioner was entitled to counsel when he brought the present action before the limitation period began to run, the Court was unable to appoint counsel until long after the limitation period expired, absent equitable tolling. The lack of counsel was therefore an extraordinary circumstance that stood in this diligent Petitioner's way and prevented the timely filing of a petition. Accordingly, Petitioner is entitled to equitable tolling.

A review of the present Petition and the related, extremely voluminous record demonstrates that this matter is extraordinarily complex. Considering the size and complexity of the record along with Petitioner's right to the assistance of counsel in preparing a petition, the Court finds that it was impossible for Petitioner to file even an initial petition prior to May 31, 2013. Considering these factors along with the severe budgetary constraints due to sequestration under which Federal Public Defenders including Petitioner's counsel are operating (of which the Court may take judicial notice), (*see* Doc. No. 13 at 3), the Court further finds that it will take at least an additional year for Petitioner to prepare and to file an amended petition that complies with counsel's ethical obligations in representing a capital habeas petitioner. The Court accordingly concludes that Petitioner is entitled to equitable tolling until then.

In short, Petitioner has been pursuing his rights diligently, yet extraordinary circumstances stand in Petitioner's way and prevent timely filing of the petition that he has a right to file. Petitioner is therefore entitled to equitable tolling of the statute of limitations until May 31, 2013, for his initial Petition, and until June 2, 2014, for any additional claims in an amended petition. *See, e.g.*, *Dykes v. Chappell*, No. 3-11-cv-4454-SI, 2012 WL 3727263 (N.D. Cal. Aug. 28, 2012) (Illston, J.).[6]

---

[6] Courts in the Ninth Circuit faced with the issues presented here uniformly have reached the same conclusion. Similar decisions just from this District include but are not limited to the following: *Carrington v. Johnson*, No. 3-10-cv-4179-RS (N.D. Cal. Sept. 24, 2012); *Dykes v. Chappell*, No. 3-11-cv-4454-SI, 2012 WL 3727263 (N.D. Cal. Aug. 28, 2012); *Stevens v. Chappell*, No. 3-9-cv-137-WHA, 2012 WL 3638547 (N.D. Cal. Aug. 22, 2012); *Chatman v. Chappell*, No. 3-7-cv-640-WHA, 2012 WL

* * *

Good cause appearing therefor, the Court grants Petitioner's Motion for Equitable Tolling, (Doc. No. 13). Unless he is able to demonstrate a need for additional equitable tolling, *cf., e.g.*, *(Robert) Smith v. Chappell*, No. 5-11-cv-3062-EJD (N.D. Cal. Sept. 25, 2012), Petitioner shall file an amended petition by June 2, 2014.

**IT IS SO ORDERED.**

DATED:  July 21, 2013

_____
SUSAN ILLSTON
United States District Judge

---

2916358 (N.D. Cal. July 17, 2012); *(Robert) Smith v. Chappell*, No. 5-11-cv-3062-EJD (N.D. Cal. May 31, 2012); *Sapp v. Chappell*, No. 3-4-cv-4163-JSW (N.D. Cal. Apr. 24, 2012); *Huggins v. Chappell*, No. 4-6-cv-7254-YGR (N.D. Cal. Mar. 2, 2012); *Pollock v. Martel*, No. 4-5-cv-1870-SBA, 2012 WL 17482 (N.D. Cal. Jan. 20, 2012); *Bolden v. Martel*, No. 4-9-cv-2365-PJH (N.D. Cal. Dec. 5, 2011); *Jablonski v. Martel*, No. 3-7-cv-3302-SI (N.D. Cal. Sept. 9, 2011); *Stanley v. Martel*, No. 3-7-cv-4727-EMC, 2011 WL 3154792 (N.D. Cal. July 26, 2011); *(Gregory) Smith v. Ayers*, No. 3-4-cv-3436-CRB (N.D. Cal. Jan. 8, 2009); *Hughes v. Woodford*, No. 3-3-cv-2666-JSW (N.D. Cal. Dec. 24, 2003); *Ervin v. Woodford*, No. 4-0-cv-1228-CW (N.D. Cal. Nov. 24, 2001); *Fairbank v. Woodford*, No. 3-98-cv-1027-CRB (N.D. Cal. Sept. 26, 1999). A condemned prisoner such as Petitioner who initiates a capital habeas action with a request for the appointment of counsel before the limitation period begins to run (i.e, while the petitioner's direct appeal is still pending) reasonably may rely on this long and consistent line of cases as sufficient in and of itself to establish an entitlement to equitable tolling.