**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. RAMOS, JR., | No. C 05-3752 SI |
| Petitioner, | |
| | DEATH PENALTY CASE |
| v. | |
| KEVIN CHAPPELL, Warden, San Quentin State Prison, | **ORDER DENYING RESPONDENT'S MOTION TO DISMISS AND GRANTING PETITIONER'S MOTION FOR A STAY** |
| Respondent. | |
| _____/ | |

Petitioner William J. Ramos, Jr. is a condemned prisoner at San Quentin. He has filed a habeas petition containing forty-seven claims. Respondent contends that the petition must be dismissed because it contains unexhausted claims. Petitioner counters that the petition should instead be stayed and held in abeyance pending his exhaustion of claims in state court. For the reasons stated below, respondent's motion to dismiss is DENIED. Petitioner's motion for stay and abeyance is GRANTED.

**BACKGROUND**

Petitioner pleaded guilty in Contra Costa County Superior Court to the murders of Tonya Karr,

Minnie Mae Coombs, and Janice Butler, and admitted the multiple-murder special circumstance allegation. A jury sentenced petitioner to death in November 1992.

The California Supreme Court affirmed petitioner's conviction on November 29, 2004. *People v. Ramos*, 34 Cal. 4th 494 (2004). On September 29, 2006, petitioner filed a *pro se* state habeas petition in the California Supreme Court. (ECF Doc. No. 23, at 7.) That petition was dismissed as improperly filed. (ECF Doc. No. 23, at 8.) Petitioner's counsel filed a state habeas petition in the California Supreme Court on August 11, 2009, which was denied on the merits of the claims and, in part, on procedural grounds. (ECF Doc. No. 23, at 8.)

Petitioner initiated the present federal capital habeas action on September 16, 2005, when he asked the Court to appoint counsel and stay his execution pending the completion of this action. The Court granted petitioner's requests and referred the matter to the Court's Selection Board for recommendation of counsel to represent him. (ECF Doc. No. 3.)

Counsel was appointed on September 28, 2012. (ECF Doc. No. 9.) The Court granted petitioner equitable tolling on July 21, 2013. (ECF Doc. No. 19.) Petitioner filed an amended habeas petition on June 16, 2014. (ECF Doc. No. 23.)

On July 15, 2014, the parties conferred telephonically and agreed upon the exhaustion status of the claims contained in the amended petition. (ECF Doc. No. 24.) The parties agree that claims 2.D, 24, 25, 30, 31, 33, 37, 39, 48, and 49 are unexhausted, and that claim 41 is both unexhausted and premature. (ECF Doc. No. 24.)

Respondent filed a motion to dismiss on August 19, 2014. (ECF Doc. No. 26.) He contends that petitioner's unexhausted and unripe claims must be dismissed and litigation should proceed only on the remaining exhausted claims. Petitioner counters that the petition should instead be stayed and held in abeyance pending his exhaustion of claims in state court. (ECF Doc. No. 29.) He argues that he is entitled to a stay under *Rhines v. Weber*, 544 U.S. 269 (2005). Respondent contends that a stay is not warranted.

## LEGAL STANDARD

The Supreme Court follows a rule of "total exhaustion" requiring that all claims in a habeas petition be exhausted before a federal court may grant the petition. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). A district court is permitted, however, to stay a mixed petition to allow a petitioner to exhaust his claims in state court without running afoul of the one-year statute of limitations period to file for federal habeas review imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Rhines v. Weber*, 544 U.S. 269, 273-75 (2005). A district court must stay a mixed petition if: 1) the petitioner has good cause for his failure to exhaust his claims, 2) the unexhausted claims are potentially meritorious, and 3) there is no indication that the petitioner intentionally engaged in dilatory tactics. *Id*. at 278.

The Supreme Court has not articulated with precision what constitutes "good cause" for purposes of granting a stay under *Rhines*. In *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), the Supreme Court stated in *dicta* that a "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court" without exhausting state remedies first. More recently, in *Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012), the Supreme Court held that ineffective assistance of post-conviction counsel may constitute cause for overcoming the procedural default.

The Ninth Circuit has clarified that "good cause" for failure to exhaust does not require "extraordinary circumstances." *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). Nonetheless, the good cause requirement should be interpreted in light of the Supreme Court's admonition that stays be granted only in "limited circumstances" so as not to undermine AEDPA's twin goals of reducing delays in the execution of criminal sentences and streamlining federal habeas proceedings by increasing a petitioner's incentive to exhaust all claims in state court. *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008). A petitioner's mistaken impression that his counsel included a claim in an appellate brief does not qualify as "good cause" for failure to exhaust as such an allegation could be raised by any petitioner, rendering stay-and-abeyance orders routine. *Id*.

Most recently, in *Blake v. Baker*, 745 F.3d 977, 983 (9th Cir. 2014), the Ninth Circuit held that "[ineffective assistance] by post-conviction counsel can be good cause for a *Rhines* stay," finding that such a conclusion was consistent with and supported by *Martinez*. The court found that the "good cause element is the equitable component of the *Rhines* test," and that "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the failure to exhaust.]" *Id* at 982. The petitioner in *Blake* argued that he failed to exhaust his ineffective assistance of trial counsel claim because state post-conviction counsel failed to discover evidence that he suffered extreme abuse as a child, as well as organic brain damage and psychological disorders. *Id*. He supported his argument with evidence of his abusive upbringing and history of mental illness. In light of this showing, the Ninth Circuit found that the district court abused its discretion in denying a stay and remanded the case. *Id*. at 983-84.

**DISCUSSION**

Respondent's request to dismiss the petition because it contains unexhausted claims is unwarranted because a mixed petition may be stayed provided that petitioner meets the *Rhines* requirements. 544 U.S. 278. As discussed below, petitioner meets the requirements for a stay.

**1. Good Cause**

Petitioner alleges that the ineffective assistance of his post-conviction counsel constitutes good cause for the failure to exhaust. Petitioner argues that due to post-conviction counsel's ineffective assistance, many of his claims were never raised in state court, even though they were apparent from the record. Claims 2.D, 24, 25, 48, and 49 are examples of such claims.

In claim 2.D, petitioner alleges that trial counsel was ineffective in conceding petitioner's competency to plead guilty and to stand trial. Petitioner asserts that trial counsel "had consulted with mental health experts who diagnosed [petitioner] with paranoid personality disorder, posttraumatic stress disorder, and other disorders." (ECF Doc. No. 29, at 11.) Prior to entering a guilty plea,

4

petitioner's counsel advised the court that petitioner would be doing so with the conscious intent to receive the death penalty. (ECF Doc. No. 29, at 11.) Defense counsel informed the court at that time that petitioner had advised him that should counsel not cooperate with petitioner's plan to plead guilty, petitioner would seek counsel's removal. (ECF Doc. No. 29, at 12.) Moreover, petitioner asserts that during his pre-trial detention, he misused medication twice in a manner that was consistent with a suicide attempt. (ECF Doc. No. 29, at 11.) Petitioner contends that both counsel and the court should have had a reasonable doubt as to his competency. *Moran v. Godinez*, 57 F.3d 690, 695 (9th Cir. 1994), superseded on other grounds by AEDPA.

Petitioner also has provided a declaration from Mark Vermeulen, one of his post-conviction attorneys, who admits that it was not a strategic choice to fail to attempt contact with trial counsel. Counsel also notes that he failed to obtain an independent psychological evaluator despite his intent to do so and that he failed to inquire about sensitive elements of petitioner's past or ask much of petitioner for fear of damaging the relationship. (ECF Doc. No. 23-1, Exhibit 8.) Post-conviction counsel admits he was overwhelmed and under-supported in his attempts to investigate and prepare petitioner's state habeas petition. (ECF Doc. No. 23-1, Exhibit 8.) As such, petitioner asserts that post-conviction counsel were ineffective for failing to raise these, as well as other, unexhausted claims.

Based on its review of the record, the Court finds that petitioner has advanced a reasonable excuse, supported by evidence, to justify his failure to exhaust his claims. *See Blake*, 745 F.3d 982. Accordingly, the Court concludes that petitioner's showing of post-conviction ineffective assistance satisfies the *Rhines* good-cause requirement.

**2. Merit of Claims**

Petitioner argues that each of his unexhausted claims is potentially meritorious and that each meets the requirements for a stay under *Rhines*. (ECF Doc. No. 29, at 3.) In his Reply, respondent argues that petitioner has failed to show that any of his claims are potentially meritorious because he has not demonstrated prior counsel's ineffectiveness. Respondent focuses his argument on claims 33,

37, 48, and 49.  (ECF Doc. No. 30, at 7.)

Under the second prong of the *Rhines* test, a district court would abuse its discretion if it were to grant a petitioner a stay when his claims are plainly "meritless." *Rhines*, 544 U.S. at 277.  Here, petitioner has articulated cognizable constitutional claims supported by relevant legal authority, and has presented such evidence and offers of proof as are presently available to him.  Based on its review of the record, the Court cannot conclude that petitioner's unexhausted claims are plainly meritless.

**3. Absence of Dilatory Tactics**

Under the third prong of the *Rhines* test, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if . . . there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  *Id*. at 278.  The Court already found that the petitioner has been pursuing his rights diligently when it granted equitable tolling. (ECF Doc. No. 19) Since then, petitioner has been following this Court's Habeas Local Rules in litigating his petition. There is no further evidence that petitioner has engaged in dilatory litigation tactics to date.  Petitioner satisfies the third prong of *Rhines*.

**CONCLUSION**

For the above-mentioned reasons, the Court finds as follows:

1) Respondent's motion to dismiss is DENIED;

2) Petitioner's motion for a stay is GRANTED;

3) Counsel for petitioner shall file an exhaustion petition raising claims  2D, 24, 25, 30, 31, 33, 37, 39, 41, 48, and 49 in state court within 90 days of the date of this Order;

4) To the extent that any claim contains allegations or supporting documentation that were not part of the state court record, pursuant to *Pinholster*, such materials must be presented to the California Supreme Court before they may be reviewed by this Court under 28 U.S.C. § 2254(d)(1).  Accordingly, they should be included in the exhaustion petition;

5) One hundred and twenty days after the entry of this Order, and every 90 days thereafter until proceedings in his state exhaustion case are completed, petitioner shall serve and file in this Court a brief report updating the Court and the parties on the status of his pending state habeas action. No later than 30 days after proceedings in his state case are completed, petitioner shall serve and file notice that proceedings are completed.

IT IS SO ORDERED.

DATED: November 12, 2014

_____
SUSAN ILLSTON
United States District Judge